UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCISCO PEREZ BENITEZ,

                  Petitioner,

     v.

BRUCE SCOTT et al.,

                  Respondents.

CASE NO. 2:26-cv-02151-DGE

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS
(DKT. NO. 1)

This matter comes before the Court on Petitioner Francisco Perez Benitez's petition for writ of habeas corpus. (Dkt. No. 1.) Petitioner alleges that the immigration judge failed to provide him with a constitutionally adequate bond hearing. In response, Respondents argue Petitioner was never entitled to a bond hearing in the first instance. Having reviewed the petition, the return memorandum (Dkt. No. 7), the traverse (Dkt. No. 11), and the remainder of the record, the Court DENIES the petition.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 1

## I    BACKGROUND

### A. Factual Background

The Court relies on *Perez Benitez v. Scott*, Case No. 2:26-cv-01113-DGE, Dkt. No. 9 (W.D. Wash. April 27, 2026) for a complete recitation of the background facts.  Petitioner, a citizen of Mexico, has been removed from the United States multiple times.  *Id.* at 2.  On November 18, 2025, immigration officials arrested Petitioner, reinstated a prior removal order, and transported him to the Northwest Immigration and Customs Enforcement Processing Center, where he remains to this day.  *Id.*; (*see also* Dkt. No. 8 at 3–4.)  Petitioner expressed a fear of persecution if removed to Mexico and received a reasonable fear interview on December 5, 2025.  *Perez Benitez*, Case No. 2:26-cv-01113-DGE, Dkt. No. 9 at 2–3.  The asylum officer issued a negative reasonable fear finding, and an immigration judge later affirmed the asylum officer's decision.  *Id.* at 3.  On December 19, 2025, Petitioner filed a petition for review and a motion to stay removal in the Ninth Circuit, which was granted.  *Id.*; *see also Perez Benitez v. Blanche*, Case No. 25-7987 (9th Cir. Dec. 22, 2025).

On May 29, 2026, Petitioner filed a motion for custody redetermination with the immigration court.  (Dkt. No. 8 at 4.)  A bond hearing was held on June 2, 2026.  (Dkt. Nos. 1 at 7; 8 at 4.)  The immigration judge began by asking both Parties who held the burden of proof and whether the judge had jurisdiction in this matter; Petitioner argued the government held the burden of proving flight risk and danger to the community by clear and convincing evidence, whereas Respondents contended the immigration court did not have jurisdiction to release Petitioner on bond because he was subject to a reinstated order of removal.[1]  (Dkt. No. 9 from 5

---

[1] Petitioner's counsel attests the immigration judge asked both Parties who held the burden of proof, counsel each provided conflicting answers, and the immigration judge "never clarified or

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 2

min., 23 sec. to 10 min., 32 sec.)  Petitioner offered evidence of "his long-term residence in the United States of approximately 20 years, his fixed address of approximately fifteen years, strong family ties, steady employment history, and extensive community support[,]" as well as the significant hardship his detention caused his children.  (Dkt. No. 7 at 2; *see also* Dkt. No. 9.) Following a brief recess, the immigration judge considered factors "including, but not limited to," Petitioner's address, first entry, employment history, family ties, community ties, immigration history, and fear of return.  (Dkt. No. 9 at 20 min., 9 sec., to 20 mins., 32 sec.)  He found that Petitioner's immigration history outweighed all other equities and found Petitioner to be a flight risk by clear and convincing evidence.  (*Id.* at 20 min., 23 sec., to 21 min., 29 sec.) Following the hearing, the immigration judge issued a check-box order denying bond based on the following findings:

> [X] ORDERED that the request for a change in custody status be denied.
> . . . .
> [ ] Danger to Community [X] Flight Risk
> [X] OTHER: Conditional release is: [ ] granted [ ] denied [ ] was not requested
> [ ] Any conditions ICE deems necessary
> [X] Ability to pay considered
> [X] Failure to appear and address requirements provided.

(Dkt. No. 6 at 6–7.)

## B. Procedural Background

On June 19, 2026, Petitioner filed this instant habeas petition.  (Dkt. No. 1.)  On June 22, 2026, the Court issued its standard scheduling order (Dkt. No. 3) and this case was reassigned to

---

identified which party bore the burden, and the applicable standard was never established." (Dkt. No. 6 at 2.)  However, it appears from the audio recording that the immigration judge agreed that the government held the burden of proof.  Before allowing Petitioner's counsel to proceed with her argument, the immigration judge allowed counsel for Respondents to argue first "given the burden." (Dkt. No. 9 at 7 min., 39 sec.)

the undersigned (*see* Dkt. No. 4).  On June 26, 2026, Respondents filed their return (Dkt. No. 7) and on July 13, 2026, Petitioner filed his traverse (Dkt. No. 11).

In his habeas petition, Petitioner argues the immigration judge applied the incorrect legal standard during the bond hearing and failed to conduct a meaningful analysis of Petitioner's circumstances.  (Dkt. No. 1 at 14.)  He seeks immediate release.  (*Id.* at 22–23.)  In response, Respondents argue Petitioner was not entitled to a bond hearing, and the immigration judge did not have jurisdiction to make a bond determination.  (Dkt. No. 7 at 7.)  Alternatively, Respondents contend Petitioner has failed to demonstrate that the prudential exhaustion requirement should be waived, and even if the Court were to reach the merits of Petitioner's arguments, he is not entitled to release because he received a constitutionally adequate bond hearing.  (*Id.* at 8, 12.)

The Court requested that the Parties provide supplemental briefing addressing "what effect *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008) has on Petitioner's argument that he was entitled to a bond hearing, and whether due process requires a bond hearing as a result of Petitioner's alleged prolonged detention."  (Dkt. No. 12 at 1.)  The Parties timely submitted their briefing (*see* Dkt. Nos. 13, 14), and the matter is now ripe for review.

## II      LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2).  To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States."  *Doe v. Bostock*, Case No. 2:24-cv-00326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, Case No. 2:24-cv-00326-JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024)

(citing 28 U.S.C. § 2241).  Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'"  *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

### III      DISCUSSION

As an initial matter, Respondents argue that because Petitioner is subject to a reinstated order of removal,[2] he had no legal right to a bond hearing.  (Dkt. No. 7 at 7–8.)

In *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022), the Supreme Court held that "there is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings before immigration judges after six months of detention, with the Government bearing the burden of proving by clear and convincing evidence" and that the statute "does not address or even hin[t] at the[se] requirements."  596 U.S. at 580–581 (internal quotations omitted) (first alternation in original).  In *Rodriguez Diaz v. Garland*, the Ninth Circuit acknowledged that "[a]lthough we previously concluded that bond hearings and certain procedures were statutorily required under §§ 1225(b), 1226(c), and 1231(a)(6) based on the doctrine of constitutional avoidance, the Supreme Court has since held that none of these rights exist as a *statutory* matter."  53 F.4th 1189, 1201 (9th Cir. 2022) (emphasis added) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 305 (2018) and *Arteaga-Martinez*, 596 U.S. at 581).  However, *Arteaga-Martinez* expressly did not reach the petitioner's constitutional claim that due

---

[2] In *Perez Benitez*, the Court concluded that because Petitioner's petition for review before the Ninth Circuit addresses only his credible fear of returning to Mexico and does not involve review of his reinstated order of removal, Petitioner is subject to 8 U.S.C. § 1231.  Case No. 2:26-cv-01113-DGE, Dkt. No. 9 at 4, n.4.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 5

process requires individualized bond hearings when detention under § 1231(a)(6) becomes prolonged.  596 U.S. at 583.  Thus, "it remains undetermined whether the Due Process Clause requires additional bond procedures under" 8 U.S.C. § 1231.  *Rodriguez Diaz*, 53 F.4th at 1201.

Petitioner argues that because he has been detained for over six months while his removal is stayed by the Ninth Circuit, "his detention is prolonged and subject to constitutional limitations requiring a meaningful individualized custody determination."  (Dkt. No. 11 at 2.) Although Petitioner vaguely argues that due process requires a bond hearing (*see* Dkt. No. 13 at 3), Petitioner does not make any arguments based on *Arteaga-Martinez*, does not suggest a standard that should be applied to the facts of this case, nor identifies *how* Petitioner's continued detention without a bond hearing violates due process.[3]  The Court will not formulate arguments for Petitioner where he offers none.

Citing *Singh v. Holder*, 638 F.3d 1196, 1203–1205 (9th Cir. 2011), Petitioner argues that once a bond hearing was provided, "that proceeding was required to satisfy due process."  (Dkt. No. 13 at 2.)  But "*Singh*'s holding about the appropriate procedures for those bond hearings . . . was expressly premised on the (now incorrect) assumption that these hearings were statutorily authorized.  *Singh* did not purport to establish a freestanding set of constitutionally mandated procedures that would apply to any detained" noncitizen.  *Rodriguez Diaz*, 53 F.4th at 1196.  Furthermore, Petitioner is essentially pursuing a promissory estoppel argument—that once a bond hearing was provided, the immigration court was required to provide a constitutionally adequate one.  However, Petitioner provides *no* authority for this proposition.  And furthermore,

---

[3] Additionally, to the extent Petitioner argues his removal is no longer reasonably foreseeable due to the unknown duration of appellate proceedings (*see* Dkt. Nos. 11 at 3; 13 at 2–3), this argument is foreclosed by *Prieto-Romero*.  *See Perez Benitez*, Case No. 2:26-cv-01113-DGE, Dkt. No. 9 at 5–6.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 6

promissory estoppel requires showing detrimental reliance. *Consortium Info. Services, Inc. v. Credit Data Services, Inc.*, 149 Fed. Appx. 575, 576 (9th Cir. 2005) (unpublished). Petitioner does not show that he relied on a constitutionally adequate bond hearing to his detriment.

**IV    CONCLUSION**

Petitioner fails to show his entitlement to an individualized bond hearing or that he is otherwise being held contrary to law. Therefore, the Court DENIES Petitioner's petition for writ of habeas corpus. (Dkt. No. 1.) The Clerk is directed to close the matter.

Dated this 11th day of August, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) - 7